[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-11906
Non-Argument Calendar

_____

D.C. Docket No. 1:20-cv-00287-CLM

ROBERT LEWIS,

                                                  Plaintiff - Appellant,

versus

ROBERT E. FULMER,
Field Supervisor,
CHRISTIE BRINKLEY,
Manager,
JOHN GILLNEY,
Field Supervisor/Retired,
JIMMY JOHNS,
Plant Director/I.E.I.,
MICHAEL WEISER,
President/CEO,

                                                  Defendants - Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(August 19, 2021)

Before JORDAN, ROSENBAUM, and GRANT, Circuit Judges.

PER CURIAM:

Robert Lewis, proceeding *pro se*, appeals the *sua sponte* dismissal without prejudice of his amended complaint for lack of subject matter jurisdiction and failure to state a plausible claim to relief.  After careful review, we affirm.

**I.**

Lewis filed a *pro se* lawsuit alleging employment discrimination based on age, disability, and race following his termination as a security guard by Weiser Security Services, Inc.  Lewis's complaint, however, did not give details about the circumstances of his termination.  Instead, Lewis alleged that individuals affiliated with Weiser Security had rear-ended his car, broken into his home, and tried to poison him, and that Weiser Security had refused to pay him his share of a settlement—$3.6 million, according to Lewis—in a lawsuit brought by several of his coworkers.  A document attached to the complaint reflects that Weiser Security terminated Lewis for repeatedly harassing and threatening his supervisor about the alleged settlement payout.

2

Because Lewis sought leave to proceed *in forma pauperis*, the district court screened his complaint *sua sponte* and ordered him to replead his complaint or face dismissal of the action. *See* 28 U.S.C. § 1915(e)(2)(B). Stating that the complaint failed to provide basic facts about Lewis's employment and termination or "any facts that indicate discrimination," the court ordered him to replead his complaint to correct the pleading defects it noted.

Lewis filed an amended complaint, reiterating allegations from his complaint and adding that he had not received any promotions or decent pay raises because of a conspiracy against him, that he was owed incentive pay, that Weiser Security preferred to hire older security guards because they were less likely to leave, and that someone had stolen money from his 401(k) retirement account. The district court found that the same pleading defects remained, so it dismissed the action without prejudice for lack of subject matter jurisdiction and failure to state a claim on which relief may be granted. Lewis now appeals.

## II.

We review *de novo* a dismissal for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii), viewing the factual allegations in the complaint as true and applying the standards of Rule 12(b)(6), Fed. R. Civ. P. *Henley v. Payne*, 945 F.3d 1320, 1331 (11th Cir. 2019). To survive dismissal under Rule 12(b)(6), a complaint must contain sufficient factual matter which, accepted as true, plausibly establishes

that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

For the employment-discrimination claims at issue here, that standard means that the plaintiff must plead facts that plausibly suggest that an adverse employment action resulted from intentional discrimination on a prohibited basis, such as age, disability, or race. *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1246 (11th Cir. 2015); *see* Age Discrimination in Employment Act, 29 U.S.C. § 623(a)(1); Americans with Disabilities Act, 42 U.S.C. § 12112; and Title VII, 42 U.S.C. § 2000e-2(a)(1). An adverse employment action is "a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 761 (1998).

We liberally construe the filings of *pro se* parties. *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008). Yet we cannot "rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014). Even with liberal construction, "issues not briefed on appeal by a *pro se* litigant are deemed abandoned." *Timson*, 518 F.3d at 874.

Liberally construing Lewis's brief, we can't tell that he makes any argument about the district court's judgment. The brief restates many of the same factual claims as his amended complaint about mistreatment by Weiser Security employees

4

and unpaid wages and settlement proceeds. It also alleges a conspiracy between Weiser Security and Honeywell Aerospace, the nature of which is not clear. But it does not reference the district court's decision or its reasons for dismissing the lawsuit. Because Lewis "fails to challenge properly on appeal . . . the grounds on which the district court based its judgment," he has abandoned any challenge to the judgment. *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014); *see Timson*, 518 F.3d at 874.

In any case, the district court correctly dismissed the amended complaint for failure to state a claim because it fails to plausibly suggest that any mistreatment Lewis suffered was motivated by his age, disability, or race.[1] *See Nix v. WLCY Radio/Rahall Commc'ns*, 738 F.3d 1181, 1187 (11th Cir. 1984) (stating that Title VII—like other federal employment-discrimination statutes—prohibits discrimination based on only specific, protected grounds and "is not a shield against harsh treatment at the workplace").

Lewis appears to claim that Weiser Security preferred older workers because they were less likely to leave the company in the face of poor treatment, but he does not offer any factual allegations to support that suspicion or to connect it to an

---

[1] Though it found otherwise, the district court had federal-question jurisdiction because Lewis's claims—though not sufficient to survive dismissal under Rule 12(b)(6)—arose under federal employment-discrimination statutes. *See Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 807–08 (1986).

5

employment decision that harmed him.  *See Surtain*, 789 F.3d at 1246; *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002) ("[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal.").  And the allegations concerning his low wages, lack of promotions, missing settlement payout, and October 2019 termination are too sparse, disjointed, and vague to suggest that these events were based on his disability or race, which are unknown, or his age.[2]  Accordingly, the amended complaint did not state a plausible claim of unlawful discrimination.

For these reasons, we affirm the dismissal of Lewis's amended complaint.

**AFFIRMED.**

---

[2] The same is true of Lewis's allegations of a criminal conspiracy to assault and poison him, but it is unclear how these events relate to his employment with, or could be attributed to, Weiser Security.  *See, e.g.*, *Ellerth*, 524 U.S. at 762 ("A tangible employment decision requires an official act of the enterprise, a company act.").  Nevertheless, our decision here does not foreclose Lewis from seeking relief under state law for the alleged unlawful conduct.